UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMIEL LAMONT CAROTHERS,

    Defendant.

Case No. 22-20567
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO DISMISS COUNT THREE OF THE INDICTMENT [19]**

---

Jamiel Lamont Carothers has been indicted on one count of carjacking; one count of attempted carjacking; one count of using, carrying, and discharging a firearm during and in relation to a crime of violence; and two counts of being a felon in possession of a firearm. (ECF No. 10.) The charges stem from two carjackings in Detroit. The first occurred outside of a party store, where a man demanded the victim's car keys at gunpoint and eventually fired one shot at the victim as the victim escaped the car. The second took place at a gas station a few days later, where similarly, a man demanded the victim's car keys at gunpoint and fired several shots at the victim after she refused to turn over her keys and ran away.

On the theory that carjacking is no longer a crime of violence, Carothers now moves the Court to dismiss the third count—using, carrying, and discharging a firearm during and in relation to a crime of violence. (ECF No. 19.) The government opposes the motion. (ECF No. 20.)

Given the adequate briefing and the nature of the issue before it, the Court considers the motion without further argument. *See* E.D. Mich. LR 7.1. And for the reasons that follow, it denies Carothers' motion.

## I.

As described, Carothers was charged with using, carrying, and discharging a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c)(1)(A). (ECF No. 10, PageID.28.) Here, the underlying "crime of violence" that supports this charge is carjacking, which in turn requires the government to show that Carothers "with the intent to cause death or serious bodily harm" took "a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation[.]" *See* 18 U.S.C. § 2119.

According to Carothers, federal carjacking does not categorically[1] fall under the statutory definition of a "crime of violence." So, says Carothers, count three of the indictment should be dismissed.

Carothers primarily relies on the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021). There, the Supreme Court addressed whether Borden's prior conviction for reckless aggravated assault under Tennessee law was a "violent

---

[1] The categorical approach requires a court to determine "the least of the acts criminalized" by the statute in question, *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013), and as relevant in this case, analyze whether those acts would require the "use, attempted use, or threatened use of physical force against the person or property of another."

felony" under the Armed Career Criminal Act. Notably, a "violent felony" under the ACCA is defined in substantially the same way as a "crime of violence" under § 924(c). *See* 18 U.S.C. § 924(c)(3) ("an offense that is a felony and . . . has an element the use, attempted use, or threatened use of physical force against the person or property of another[.]"); 18 U.S.C. § 924(e)(2)(B)(i) ("the term 'violent felony' means any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another[.]").

The question before the Supreme Court was whether a crime that could be committed with reckless intent qualified as a violent felony. The Court said no: "an offense requiring the use of physical force against the person of another" does not include "offenses criminalizing reckless conduct." *Borden*, 141 S. Ct. at 1825 (plurality opinion); *see also id.* at 1825 (Thomas, J. concurring) ("[A] crime that can be committed through mere recklessness does not have as an element the 'use of physical force' because that phrase has a well-understood meaning applying only to intentional acts designed to cause harm."). The plurality reached this conclusion by explaining that the word "against" requires "purposeful" or "knowing" intent. *Id.* at 1826. This is because "against" modifies "the use of physical force," which "denotes volitional conduct." *Id.* But an individual who acts recklessly "has not directed force at another. . . . To the contrary, his fault is to pay insufficient attention to the potential application of force." *Id.* at 1827. Because Borden could commit the crime in

3

question with less than purposeful or knowing intent, the Court concluded that it was not a "violent felony" under the ACCA.

Carothers applies this reasoning to the disjunctive language in the carjacking statute—that a defendant must have taken a motor vehicle "from the person or presence of another by force and violence *or by intimidation*[.]" 18 U.S.C. § 2119 (emphasis added). Carothers argues that "a defendant may accomplish carjacking by intimidation without intending to threaten force." (ECF No. 19, PageID.66.) And without intending to threaten force, the conduct cannot amount to the "purposeful" or "knowing" use, attempted use, or threatened use of force against the person of another that *Borden* required.

The Court is unpersuaded by this argument.

For starters, "[c]ourts routinely have rejected attempts to apply *Borden* to crimes involving intimidation, as Defendant proposes." *United States v. Mills*, No. 16-20062, 2022 U.S. Dist. LEXIS 221528 at *4–5 (E.D. Mich. Dec. 8, 2022) (citing cases). More fundamentally, the text of the carjacking statute makes clear that the defendant must have acted "with the intent to cause death or serious bodily harm." 18 U.S.C. § 2119. So the Court disagrees with Carothers' argument that "a person could unintentionally (i.e., recklessly or negligently) cause someone to fear harm" and still be convicted under the statute. (ECF No. 21, PageID.90.) That is in direct odds with the statute as an individual must—at minimum—intimidate with intent to cause serious bodily harm to commit carjacking. Simply put, more than reckless conduct is required. *See Borden,* 141 S. Ct. at 1824 (defining recklessness as

4

"consciously disregard[ing] a substantial and unjustifiable risk attached to [one's] conduct in gross deviation from accepted standards"). So the holding in *Borden*—that a conviction for reckless conduct does not qualify as a crime of violence—makes little difference here where reckless conduct alone cannot amount to carjacking under the statute.

For similar reasons, the case law Carothers relies on is inapt. Carothers does not cite a single case that determines that federal carjacking is not a crime of violence. Instead, he cites cases where courts analyzed statutes that criminalize reckless conduct and concluded that these offenses do not constitute the "use of force against the person of another" under *Borden*. *See United States v. Carter*, 7 F.4th 1039, 1045 (11th Cir. 2021) ("Because Georgia's aggravated assault statute . . . can be satisfied by a[n intent] of recklessness . . . it cannot qualify as a crime of violence under the elements clause of the ACCA."); *United States v. Garner*, 28 F.4th 678, 683 (5th Cir. 2022) (finding no crime of violence where statute criminalized negligent conduct); *United States v. Blakney*, No. CR 11-562-1, 2021 WL 3929694, at *3 (E.D. Pa. Sept. 2, 2021) (ordering resentencing because "[o]n the face of the statute and the jury instruction, it is not possible to determine what part of the first element constitutes Blakney's crime of conviction. It could be either of the three alternatives, at least one if not two of which include reckless conduct."); *Paul v. Superintendent*, No. 213CV00304, 2022 WL 3043526, at *8 (S.D. Ind. Aug. 2, 2022) ("In short, neither Mr. Paul's indictment nor his jury instructions required a showing that he knowingly used force during the course of a robbery."); *see also Somers v. United States*, 15 F.4th

1049, 1056 (11th Cir. 2021) (certifying question to Florida Supreme Court as to whether assault statute requires specific intent and if not, the mens rea required to prove the offense). This argument assumes the conclusion Carothers seeks to assert—that carjacking, like the crimes in these cases, requires only reckless intent. But because federal carjacking requires more than just a reckless state of mind, these cases do not move the needle in favor of Carothers' argument.

Resisting this conclusion, Carothers makes a somewhat inconsistent argument based on *United States v. Jackson*, where (pre-*Borden*) the Sixth Circuit found that carjacking was a crime of violence under § 924(c). *See* 918 F.3d 467 (6th Cir. 2019). Carothers states that in *Jackson*, the Sixth Circuit treated intimidation under the bank robbery statute as akin to intimidation under the carjacking statute. The Court thus stated that, "[b]ecause the federal bank robbery and carjacking statutes use identical language, our precedent [in *McBride*] requires us to conclude . . . that the commission of carjacking by 'intimidation' necessarily involves the threatened use of violent physical force and, therefore, that carjacking constitutes a crime of violence under § 924(c)'s elements clause." 918 F.3d 467, 486 (6th Cir. 2019) (referencing *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016)).

But, says Carothers, the Sixth Circuit's decision in *McBride* is wrong post-*Borden*. Carothers argues that the Sixth Circuit mistakenly concluded that the intent required with respect to intimidation under the federal bank robbery statute necessarily constituted the threatened "use of physical force against the person of another." *See McBride*, 826 F.3d at 296 ("The defendant must at least know that his

actions would create the impression in an ordinary person that resistance would be met by force. A taking by intimidation under [the bank robbery statute] therefore involves the threat to use physical force."); *see also* (ECF No. 19, PageID.67 ("At least knowing does not amount to intending under any definition of that word, as being aware of something does not mean one acts with that specific purpose.").) So, Carothers' argument goes, the Sixth Circuit was wrong in finding that intimidation under the federal bank robbery statute was a crime of violence since it only requires knowing intent with respect to the act of intimidation (sometimes referred to as general intent), and since the *Jackson* Court (correctly) treated intimidation under the carjacking statute the same way, *Jackson* is also wrong.

This argument fails to persuade as it does not address the elephant in the room—the text of the federal carjacking statute. Indeed, even assuming *McBride* is no longer correct in light of *Borden*, that case interpreted the federal bank robbery statute. But *Jackson* analyzed the federal carjacking statute. And the carjacking statute has an additional requirement of showing "intent to cause death or serious bodily harm." *See Jackson*, 918 F.3d at 486 (finding that its "conclusion is further supported by the fact that the carjacking statute requires that the government prove the defendant committed the offense 'with the intent to cause death or serious bodily injury,' and by our previous holding that the 'act of brandishing a firearm during a carjacking, without more, is not sufficient to prove specific intent to kill or cause serious bodily harm to the victim' as required by § 2119[.]"). So at bottom, even if Carothers is right about the bank robbery statute, the text of the carjacking statute

requires a higher level of culpability, and thus precludes his argument here. And for the purposes of this case, carjacking is the relevant statute.

The Court also does not necessarily agree that, as Carothers argues, "at least knowing" does not satisfy *Borden*. *See McBride*, 826 F.3d at 296 ("The defendant must at least know that his actions would create the impression in an ordinary person that resistance would be met by force."). Notably, *Borden* did not discuss intent in terms of general or specific intent. Instead, it distinguished "purposeful" and "knowing" from "reckless" and "negligent." In describing knowing conduct, the Court wrote, "Say a getaway driver sees a pedestrian in his path but plows ahead anyway, knowing the car will run him over. That driver, too, fits within the statute: Although he would prefer a clear road, he too drives his car straight at a known victim." *Borden*, 141 S. Ct. at 1827. This is not meaningfully different than the intent needed for intimidation. To rob a bank or take a motor vehicle by intimidation, defendants must knowingly convey a threat of force, just as the driver in *Borden* knowingly drives his car into another person. And both the "threatened use of physical force" for this carjacking scenario and the "use of force" in *Borden*'s scenario satisfy § 924(c). So it appears that Carothers' contention that "the perpetrator may commit the robbery by intimidation while being entirely ignorant as to whether his actions actually landed home and resulted in a threat of force against the victim of the crime[,]" (ECF No. 19, PageID.67), is incorrect. The perpetrator must "at least know" that his actions "landed home" in making a victim think resistance would be met with force. Put differently, intimidation does not turn only on whether an objective person would feel

8

intimidated, but also on if the defendant knows his actions are causing such an effect. This is precisely what *Borden* requires.

Carothers also attacks the intent requirement directly. He warns against conflating the use, attempted use, or threatened use of force with the intent to cause death or serious bodily harm. He argues that "intimidation can be accomplished by making a nonviolent and/or nonphysical threat, or in the absence of a communicated threat, [so] it does not satisfy the force clause." (ECF No. 21, PageID.89.) Specifically, he states, "[i]f a person intends to cause serious bodily injury but does not convey that intention, that person has not threatened anyone with violent physical force. Conversely, a person may feel intimidated or fearful without any threat of violent physical force having been communicated." (ECF No. 21, PageID.89.)

Courts have squarely rejected Carothers' definition of intimidation sans communicated threat of force. As the Second Circuit explained, "Even when committed by intimidation, federal carjacking requires a defendant to act in a way that he knows will create the impression in an ordinary person that resistance to defendant's demands will be met by force." *United States v. Felder*, 993 F.3d 57, 79–80 (2d Cir.), *cert. denied*, 142 S. Ct. 597 (2021). Creating that impression constitutes communicating a threat of force. So carjacking by intimidation "necessarily involves the threatened use of violent physical force." *United States v. Jackson*, 918 F.3d 467, 486 (6th Cir. 2019). And nothing in *Borden* suggests any change to the definition of intimidation. Thus, Carothers may be correct that "if a person intends to cause serious bodily injury but does not convey that intention, that person has not

threatened anyone with violent physical force," but that person has also not "intimidated" anyone under the carjacking statute.

But even if the Court accepts Carothers' definition, it is difficult to see how intimidation "with the intent to cause death or serious bodily harm" can be accomplished in that way. Suppose an individual demands a victim's car keys or else they will expose some scandal. That would presumably satisfy Carothers' definition of intimidation. But such a scenario is still missing the intent required for carjacking—to cause death or serious bodily harm. The government would have to prove something more to show the requisite intent at the time of the taking, and the Court does not see how that something more would not include the use, attempted use, or threatened use of physical force.

Indeed, even pre-*Borden*, the Sixth Circuit has clarified that, to prove the defendant committed a federal carjacking, "the government must do more than show that the defendant made an empty threat or intimidating bluff towards the victim[.]" *U.S. v. Washington*, 714 F.3d 962, 968 (6th Cir. 2013). In other words, making an empty threat or intimidating bluff toward the victim is not carjacking by intimidation. Likewise, merely brandishing an unloaded firearm while taking a car may not amount to carjacking by intimidation. *See id.* Instead, the government must show "that the defendant would have killed or seriously harmed the victim if the victim had resisted." *Id.*[2] Carothers does not explain how one could have this intent

---

[2] Carothers argues that these considerations are inappropriate under the categorical approach because they refer to case-specific facts. (ECF No. 21, PageID.90.) The Court disagrees. The Court is not considering any facts specific to

without using, attempting to use, or threatening to use physical force against another.

In sum, federal carjacking requires that the individual act with the "intent to cause death or serious bodily harm." 18 U.S.C. § 2119. And intimidation under the statute requires knowingly conveying the impression that resistance will be met with force. Thus, as the Sixth Circuit has already ruled, carjacking is a crime of violence under 18 U.S.C. § 924(c)(3) because it necessarily requires the "purposeful or knowing" use, attempted use, or threatened use of force against the person or property of another. *Borden* does not change this.

## II.

Thus, Carothers' motion to dismiss is DENIED.

SO ORDERED.

Dated: April 18, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

---

any particular case of carjacking. It is employing the categorical approach to look at what the government necessarily has to prove to convict a defendant of carjacking—which includes what is insufficient by law to amount to carjacking.